## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

## (CENTRAL DIVISION)

FERRARI FINANCIAL SERVICES, INC.,

        Plaintiff,

vs.

JACOB SHIVO,

        Defendant.

CASE NUMBER:

## VERIFIED COMPLAINT

Plaintiff Ferrari Financial Services, Inc. hereby alleges as follows in support of its Verified Complaint (the "Complaint") against Defendant Jacob Shivo.

## PARTIES

1.  Plaintiff Ferrari Financial Services, Inc. ("FFS") is and, at all material times hereto, was a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey.

2.  Upon information and belief, Defendant Jacob Shivo ("Shivo" or "Defendant") is and, at all material times hereto, was an individual who maintains his primary residence in Winchendon, Worcester County, Massachusetts.

## JURISDICTION AND VENUE

3.  Subject matter jurisdiction properly lies with this Court pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. The current fair market value of the vehicle in this case, which Defendant remains in possession of in violation of the parties' agreement, is approximately $90,000, based on an Internet search of

available vehicles listed for sale. *See, e.g., Emigrant Mortg. Co., Inc. v. Bourke*, 712 F. Supp. 3d 164, 173 (D. Mass. 2024), *aff'd,* 127 F.4th 385 (1st Cir. 2025) ("In cases involving title to property, it is well-established that the value of the property in question would as a matter of law be included in determining the amount in controversy."); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *McNiff v. Siedentopp*, No. CIV.A. 2003-04435, 2008 WL 1934501, at *3 (Mass. Super. Apr. 16, 2008) ("The case law is clear that in an action for conversion, damages are the fair market value at the time of conversion."); *World Wide Video, LLC v. Pagola*, No. CV 08-10391-RWZ, 2009 WL 10693580, at *2 (D. Mass. Oct. 8, 2009) (same); *Allied Home Mortg. Cap. Corp. v. Belli*, No. 07CV11597-NG, 2011 WL 13248374, at *7 (D. Mass. Mar. 3, 2011) (same); *see also Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 103–04 (D. Mass. 2013) ("[A]ffirmative defenses are not included in [the amount-in-controversy] calculus.") (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).  While the value of the vehicle FFS seeks to possess is alone sufficient to meet the amount-in-controversy threshold, the amount in controversy is further bolstered by FFS's loss-of-use, loss-of-value, and other consequential damages (which Massachusetts courts recognize in conversion and replevin actions, *see Food Specialties, Inc. v. John C. Dowd, Inc.*, 339 Mass. 735, 748 (1959)) and by FFS's attorneys' fees (which are considered as part of the amount-in-controversy when they are provided by contract, as here, *see Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001)) and, with the unpaid loan amount exceeding $33,000, is an alternative metric for the amount-in-controversy that exceeds $75,000 exclusive of costs and interest.  Personal jurisdiction properly lies with this Court because Mr. Shivo is domiciled in the Commonwealth of Massachusetts.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because at least one defendant resides in this judicial district.  Under LR 40.1(d)(1)(C), this case should be assigned to the Central Division because "[t]he only parties residing in the District of Massachusetts reside in that division."

## GENERAL ALLEGATIONS

5.      FFS realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

6.      On or about May 21, 2021, Defendant and Boch Luxe F, Inc., dba Boch Exotics, a non-party, entered into a certain Retail Installment Sale Contract – Simple Finance Charge (the "Contract") relating to the purchase of a 2012 Ferrari California, VIN #ZFF65LJA6C0188663 (the "Vehicle"). A true and correct copy of the Contract is attached hereto as **Exhibit A** and is incorporated herein by this reference.

7.      Boch Exotics then assigned the Contract to FFS. (Ex. A at p. 3.)

8.      Under the Contract, Defendant made a down payment of $27,570.94 and financed $90,000.00 at an annual percentage rate of 6.99 percent. At contract signing, Defendant agreed to make monthly installment payments to FFS beginning on June 20, 2021, in the amount of $1,781.68 for sixty (60) months.  (Ex. A at p. 1.)

9.      Under the terms of the Contract, FFS retained a security interest in the Vehicle. (Ex. A at p. 2.)

10.     Under the terms of the Contract, Defendant was in default if he failed to make payments when due, or breached any other Contract term or condition.  (Ex. A at p. 2.)

11.     Upon default, Defendant also agreed to pay FFS's repossession and storage expenses, reasonable attorney fees, and court costs.  (Ex. A at p. 2.)

12.   Defendant last made a payment on the Contract on or about November 1, 2024.

13.   Due to Defendant's default under the Contract and failure to pay amounts due and owing, FFS hired legal counsel.

14.   On March 13, 2025, counsel for FFS sent a demand letter to Defendant. This letter indicated that the Contract was in default, and that Defendant should tender payment in the amount of $33,029.42, plus the per diem rate of $6.17 for every day after March 13, 2025, no later than March 17, 2025. The letter further stated that if Defendant did not intend to pay off the Vehicle, Defendant should surrender the Vehicle. A true and correct copy of the March 13, 2025 correspondence is attached hereto as **Exhibit B** and is incorporated herein by this reference.

15.   As of the filing of this Complaint, Defendant has failed to tender the payoff amount or surrender the Vehicle.

16.   FFS has performed all the conditions, covenants, and promises required of it under the terms of the Contract.

17.   Defendant remains in possession of the Vehicle and is in default of his obligations under the Contract. Charges, interest, attorney fees, and costs continue to accrue.

18.   Upon information and belief, the Vehicle is located at or near 315 Monomonac Road W, Winchendon, MA 01475, which is Mr. Shivo's last known address.

## FIRST CLAIM FOR RELIEF

### (Action for Replevin Against Defendant)

19.   FFS realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

20.   The Contract constitutes a valid and binding contractual relationship between FFS and Defendant.

4

21.     Because Defendant is in default under the Contract, FFS is entitled to immediate possession of the subject Vehicle. FFS has previously demanded possession and surrender of the Vehicle from Defendant; however, Defendant has failed and refused to turn over the Vehicle to FFS.

22.     Accordingly, Defendant is unlawfully detaining the Vehicle, as against FFS's right to immediate, exclusive, and unqualified possession of the Vehicle.

23.     Upon information and belief, the Vehicle is located at 315 Monomonac Road W, Winchendon, MA 01475.

24.     Upon information and belief, the Vehicle has not been taken by any party for a tax assessment or fine pursuant to a statute, or seized under an execution against property of FFS.

25.     By virtue of Defendant's wrongful possession and unlawful detention of the Vehicle, FFS is entitled to immediate possession of the Vehicle pursuant to Massachusetts General Laws, Chapter 247, Section 7.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract Against Defendant)

26.     FFS realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

27.     The Contract constitutes a valid and binding contractual relationship between FFS and Defendant.

28.     FFS has fully performed its obligations under the terms and conditions of the Contract.

29.    The Contract is in default because Defendant has failed to make timely payments required under the Contract and Defendant has further failed to surrender the Vehicle and pay all amounts due and owing to FFS.

30.    FFS has made demand on Defendant for the amounts due and owing under the Contract, which Defendant has failed to pay.

31.    Due to Defendant's breaches of the Contract, FFS is entitled to judgment against Defendant for the amounts due and owing under the Contract, which is no less than $33,458.98, exclusive of interest, accruing attorneys' fees, and costs, with an exact amount to be shown at trial according to proof.

## THIRD CLAIM FOR RELIEF

### (Conversion)

32.    FFS realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

33.    Defendant entered into a valid and binding Contract for the purchase of the Vehicle; however, Defendant's right to possession of the Vehicle was conditioned on Defendant's performance of the Contract, including making timely monthly payments to FFS.

34.    As a result of Defendant's default under the Contract, Defendant's right to possession has been terminated, and FFS is entitled to immediate possession of the Vehicle.

35.    Notwithstanding FFS's right to possession, Defendant has failed to deliver possession of the Vehicle to FFS and has converted the Vehicle for his own use and benefit.

36.    Despite demand, Defendant has failed and refused to surrender the converted Vehicle, or the proceeds therefrom, to FFS.

6

37.    As a direct and proximate result of Defendant's conversion, FFS has been damaged in an amount no less than $33,458.98, exclusive of interest, accruing attorneys' fees, and costs, with an exact amount to be shown at trial according to proof.

## PRAYER

WHEREFORE, FFS prays for judgment against Defendant, as follows:

A.    For an order directed to Defendant to show cause why the Vehicle and the proceeds therefrom should not be taken from Defendant, and the Defendant should not have to deliver the Vehicle to FFS, and for a Writ of Possession in favor of FFS;

B.    For an immediate temporary order to preserve the Vehicle directed to the Defendant;

C.    For judgment against Defendant for the fair market value of the vehicle, to be determined by this Court , but in no event less than $90,000;

D.    For judgment against Defendant for loss-of-use, loss-of-value, and other consequential damages in an amount to be determined at trial;

E.    For judgment against Defendant for pre- and post-judgment interest;

F.    For judgment against Defendant for reasonable attorneys' fees and costs; and

G.    For such other and further relief as the Court may deem just and proper.

DATED __June 5,_____, 2025.

/s/ Jacob C. Jones

Jacob C. Jones
BBO # 714089
SNELL & WILMER
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004-2556
Telephone:602.382.6000
Facsimile: 602.382.6070
jcjones@swlaw.com

*Attorneys for Plaintiff Ferrari Financial Services, Inc.*

7

# **VERIFICATION**

STATE OF NEW JERSEY  )
                                        ) ss.
COUNTY OF BERGEN      )

Patrick Granger, being first duly sworn upon oath, deposes and says:

That he is Director of Operations for Ferrari Financial Services, Inc., Plaintiff herein, and that he makes this Verification on behalf of said Plaintiff, being authorized so to do; that he has read the foregoing Complaint and knows the contents thereof; that the allegations of the Complaint and the account stated therein are, within the knowledge of Affiant, just and true; that the account is due, and that all just and lawful setoffs, payments, and credits have been allowed.

Dated this __3rd__ day of June, 2025.

FERRARI FINANCIAL SERVICES, INC.

_____
Patrick Granger
Director of Operations

SUBSCRIBED AND SWORN to before me this __3rd__ day of June, 2025, by Patrick Granger, Director of Operations for Ferrari Financial Services Inc., on behalf of said corporation.

_____
*Jerrina Hemphill*
Notary Public

My Commission Expires:

May 24, 2026
_____

8